(No. 4181

GEORGE VICKERY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1950.*

DIXON, DEVINE, BRACKEN AND RYAN, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The claimant, George Vickery, was on January 29, 1948 employed by the respondent as a carpenter, and on the above date, while working at the Dixon State Hospital, Lee County, Illinois, claimant fell a distance of fourteen feet to a cement floor and as a result thereof sustained a fracture of the left humerus at the elbow joint.

At the time of the above injury, the claimant was 58 years old, married, with no minor children.

During the time from January 29, 1948 to May 30, 1948 the claimant was paid by the respondent 17 weeks and 2 days pay as compensation at the rate of $19.50.

Claimant returned to his employment by the respondent on May 30, 1948 and continued to work until January 20, 1949. On January 21, 1949, an osteotomy was performed at the head of the radius on the claimant's left arm, removing part of the bone. This operation became necessary as a result of the injury sustained by the claimant on January 29, 1948.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident arose out of and in the course of employment.

The only question to be determined is the extent of the permanent partial loss of the use of the left arm together with the medical services rendered to the claimant.

Dr. David Murphy testified that he attended claimant on January 30, 1948 at the request of Dr. Tarnowski, and that the X-rays showed fracture displaced on the radial side of the left humerus of the left arm. The radial condial was displaced posterially and they were divided. That it was a bad type fracture and T type of humoral condyles was applied to the forearm; that on January 21, 1949 osteotomy operation was done on the head of the radius. That claimant convalesced and had improvement in the extension of his arm to the extent of 135°, normal extension being 180°. That the ulner nerve became involved which interfered with the extension of his fingers and that his grip is fair. That considering his occupation as a carpenter, the extension of his arm is very weak. That the elbow had slightly improved and that the disability relative to his arm is fully 85% to 100% of the use of his arm. That in the doctor's opinion, claimant has sustained a permanent injury to his arm which interfers with the extension and flexion. That his bill for

services was in the amount of $280.00, which was a fair and reasonable charge for his services.

Dr. Alexander Tarnowski was called by the respondent and testified that he examined the claimant on August 9, 1949 at the request of the Attorney General. That he found that the claimant had practically no use of his left hand. That he had a slight movement in the fingers, and there wasn't complete loss of motion. That claimant had fairly good motion of the wrists. That the motion which controls the movement of the forearm called pronation and supination was fairly good. That the motion of the elbow joint which causes extension and flexion of that member was impaired by about 60%. That claimant had fairly good use of the shoulder and that there was some loss of ability to raise his shoulder. That in his opinion the claimant had loss of function in the left upper extremity of about 75% and that in his opinion the condition that he found was permanent.

The Court finds that Helen Heckman has submitted a bill for stenographic services in the amount of $15.00, which the Court finds to be a customary and reasonable charge.

The claimant was treated by Dr. D. L. Murphy, who has submitted for his services rendered to claimant a bill in the amount of $280.00. The Court finds this bill to be reasonable and customary.

The record shows that the earnings of the claimant for the year immediately preceding his injury was in the sum of $3,000.00.

The evidence, and particularly the medical witnesses, clearly establishes that the claimant has sustained a permanent partial specific loss of use of his left arm to the extent of 75%.

On the basis of this record, we make the following award:

For the 75% permanent partial specific loss of use of the left arm, claimant is entitled to an award of 168¾ weeks in the amount of $3,290.63, payable in weekly installments of $19.50 each, commencing on March 31, 1949. 47 weeks of which has accrued to February 16, 1950 in the amount of $916.50, which is payable forthwith and the balance of $2,374.13 payable in 121 weekly installments of $19.50 each, with a final installment of $14.63.

An award is also entered in favor of Helen Heckman for stenographic services in the amount of $15.00, which is payable forthwith.

An award is entered in favor of Dr. David Murphy for medical services rendered in the amount of $280.00, which is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."